



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 21, 2018**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 16-34118-11 |
| SIGEL'S BEVERAGES, L.P. | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### UNDER 11 U.S.C. § 1129 CONFIRMING PLAN OF LIQUIDATION

WHEREAS, Sigel's Beverages, L.P. ("**Sigel's**" or the "**Debtor**"), debtor and debtor-in-possession, in the above-referenced case, filed its Plan of Liquidation (the "**Plan**")[Docket No. 406][1] and the First Amended Disclosure Statemnt in Support of Plan of Liquidation of Sigel's Beverages, L.P. (the "**Disclosure Statement**")[Docket No. 407]; and

WHEREAS, on May 4, 2018, this Court entered an order approving the adequacy of the Disclosure Statement in accordance with Section 1125 of the Bankruptcy Code, setting forth

---

[1] All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING PLAN OF LIQUIDATION - Page 1**

procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan (the "**Disclosure Statement Order**") [Docket No. 409]; and

WHEREAS, on May 9, 2018, in accordance with the Disclosure Statement Order, the Debtor caused the Plan, Disclosure Statement, Disclosure Statement Order, the Confirmation Notice, and a ballot for voting to accept or reject the Plan (the "**Solicitation Package**") to be transmitted to holders of Claims in all Classes of the Debtors;

WHEREAS, pursuant to Bankruptcy Code section 1128(a), the Court held a hearing on June 13, 2018 to consider confirmation of the Plan (the "**Confirmation Hearing**"); and

NOW, THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearings, any declarations, pleadings, briefs, memoranda, stipulations, and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in the Bankruptcy Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:[2]**

A.    <u>Findings and Conclusions</u>.    The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent any of the following findings

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING PLAN OF LIQUIDATION - Page 2**

of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     <u>Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. The Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C §1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Committee is a proper plan proponent under section 1112(a) of the Bankruptcy Code.

C.     <u>Bankruptcy Case</u>.     On October 20, 2016 (the "**<u>Petition Date</u>**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**<u>Bankruptcy Case</u>**").

D.     <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of the Bankruptcy Case.

E.     <u>Burden of Proof</u>. The Debtor, as the Plan proponent, has the burden of proving the elements of Bankruptcy Code section 1129(a) by a preponderance of the evidence. The Debtor has met such burden.

F.     <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

G.      Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a). The Plan satisfies

Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

H.      Solicitation and Transmittal of Solicitation Package. The solicitation of votes to

accept or reject the Plan and requests for consent to the treatment were solicited in good faith and

in compliance with Bankruptcy Code sections 1125 and 1126, and Bankruptcy Rules 3017 and

3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all

other rules, laws, and regulations. The Solicitation Package was transmitted to all creditors entitled

to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan,

and the solicitation materials used and solicitation procedures followed comply with Bankruptcy

Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018. All procedures

used to distribute the Solicitation Packages to the applicable holders of Claims were fair and

conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the

Bankruptcy Rules, and any other applicable rules, laws, and regulations.

I.      Good Faith Solicitation—11 U.S.C. § 1125(e). Based on the record before the Court

in the Bankruptcy Case, the Debtor and its attorneys, and other representatives have acted in good

faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable

provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective

activities relating to the solicitation of acceptances to and consents to the treatment afforded under

the Plan and their participation in the activities described in Bankruptcy Code section 1125.

J.      Notice of the Confirmation Hearing—Fed. R. Bankr. P. 2002 and 3017. The Debtor

gave notice of the Confirmation Hearing, the deadline to accept or reject the Plan, the deadline to

object to the Plan in accordance with the Disclosure Statement Order. The solicitation package

prescribed by the Disclosure Statement Order was transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002 and 3017.

K.    <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, at least one or more impaired Classes have voted to accept the Plan, as defined by sections 1124 and 1126 of the Bankruptcy Code.

L.    <u>Bankruptcy Rule 3016(a)</u>. The Plan reflects the date it was proposed and identifies the entity submitting it as Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

M.    <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a.    <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four (4) Classes of Impaired Claims or Equity Interests. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

b.    <u>Specified Treatment of Impaired and Unimpaired Classes—11 U.S.C. §§ 1123(a)(2) and (3)</u>. Article V of the Plan specifies the treatment of the Impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

c.    <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the Holder of a particular Claim or interest has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

d.    <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for

implementing the Plan. Other articles of the Plan provide means for implementation of the Plan as well.

e.    Selection of Officers and Directors—11 U.S.C. § 1123(a)(7). The Debtor properly and adequately discloses in Section 6.1 of the Plan that the post-confirmation Liquidating Debtor shall be managed by Anthony J. Bandiera and he shall receive no compensation. Consequently, Bankruptcy Code section 1123(a)(7) is met.

f.    Permissible Plan Provisions—11 U.S.C. § 1123(b). The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

g.    Impairment of Classes—11 U.S.C. § 1123(b)(1). In accordance with Bankruptcy Code Section 1123(b)(1), Article V of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

h.    Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2). The Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases not expressly assumed or rejected on or before the Effective Date as allowed by Bankruptcy Code section 1123(b)(2).

i.    Settlement of Claims—11 U.S.C. § 1123(b)(3). Article V of the Plan provides for various treatment of Classes of Claims, including the settlement of, or adjustments to, certain claims or interests belonging to the Debtor or to the Estate as allowed by Bankruptcy Code section 1123(b)(3).

j.    Additional Plan Provisions—11 U.S.C. § 1123(b)(6). Further, the Plan provides a number of provisions related to the settlement, timing and payment of claims, as well as continuing jurisdiction and certain injunctions and exculpations. All other Plan provisions are acceptable and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan complies with Bankruptcy Code section 1123(b)(6).

N.    The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2). The

Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying

Bankruptcy Code section 1129(a)(2). Based upon the record made at the Confirmation Hearing,

*inter alia*: (a) the Debtor has complied with applicable provisions of the Bankruptcy Code and

orders of the Court and (c) the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

O.      Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3). The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively liquidating the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

P.      Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4). Any payments made or to be made by the Debtor for services or for costs and expenses in connection with the Bankruptcy Case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

Q.      Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5). The Debtor has complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Liquidating Debtor.

R.      No Rate Changes—11 U.S.C. § 1129(a)(6). No governmental regulatory commission has jurisdiction over rates of the Debtors after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in the Bankruptcy Case.

S.    <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

T.    <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

U.    <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

V.    <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization. The Court analyzed the factors traditionally used by bankruptcy courts in this Circuit—(i) the debtor's capital structure, (ii) the earning power of the business, (iii) economic conditions, (iv) the ability of debtor's management, (v) the probability of continuation of management, and (vi) any other related matters—and found that the factors support a finding that the Plan is feasible.

W.    <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

X.    <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtor.

Y.    <u>Inapplicability of 11 U.S.C. §§ 1129(a)(14) & (15)</u>.  The Debtor does not have any domestic support obligations and is not an individual, thus section 1129(a)(14) and (15) are not applicable.

Z.    <u>11 U.S.C. § 1129(b)</u>. All of the requirements of Bankruptcy Code section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) any entity issuing securities under the Plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor, equity interest holder is Impaired under the Plan and whether or not such Creditor or equity security holder accepted the Plan.

AA.    <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.    <u>Confirmation of the Plan</u>. The Plan, which includes any and all modifications, including any modifications set forth on the record at the Confirmation Hearing, is **APPROVED**

and **CONFIRMED** under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. For reference, the Plan, with the any modifications incorporated, is attached as **Exhibit A** to this Order.

2.      Objections. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3.      Effects of Confirmation; Effectiveness; Successors and Assigns. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) any entity issuing securities under the plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor, equity interest holder is Impaired under the Plan and whether or not such Creditor or equity security holder accepted the Plan. Upon the occurrence of the Effective Date with respect to the Debtors, the Plan shall be deemed substantially consummated.

4.      Injunction Against Interference with the Plan. Pursuant to Article 11.4 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to interfere with the implementation or consummation of the Plan.

5.    <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan may be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided by the Plan.

6.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article VII of the Plan, all executory contracts and unexpired leases to which the Debtors are a party shall be rejected as of the Petition Date, unless the Debtors expressly assumed or rejected such contract or lease on or before the Effective Date. For the sake of clarity, nothing in this Order is meant to alter any former Order of this Court with regarding to a prior assumption or rejection.

7.    <u>Damage Claims</u>. Pursuant to Section 7.2 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors, unless a proof of claim is filed with the Bankruptcy Court and served on the Debtor such that they actually receive the proof of claim within thirty (30) calendar days of entry of the Effective Date.

8.    <u>Governmental Approvals Not Required</u>. Subject to the Order Authorizing (I) the Debtor's Entry Into and Performance of Its Obligations Under the Asset Purchase Agreement, (II) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (III) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Further Relief [Docket No. 392], this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any

other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

9.    Exemption from Certain Taxes. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

10.    Resolution of Claims. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

11.    Payment of Fees. All fees payable by the Debtors under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date.

12.    Reversal. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Committee's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

13.     <u>Retention of Jurisdiction</u>. Except as otherwise specified in the Plan, pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XIII of the Plan.

14.     <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all Creditors, the United States Trustee, the Securities and Exchange Commission, the Internal Revenue Service, and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

15.     <u>Notice of Effective Date</u>. Within ten (10) Business Days following the occurrence of the Effective Date, the Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in the Bankruptcy Case pursuant to Bankruptcy Rule 2002.

16.     <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

17.     <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

18. <u>Enforceability</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

19. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

20. <u>Administrative and Professional Fee Claims</u>. Except for Professional Claims, the deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the Effective Date. Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-four (24) days after a request for payment of such Claim has been filed. The deadline for submitting applications for compensation for services rendered in the Bankruptcy Case pursuant to sections 327, 328, 330, 331, or 1103 (the "**Professional Fee Claims**") of the Bankruptcy Code prior to the Effective Date is one hundred twenty (120) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.

21. <u>PNC Secured Claim</u>. Notwithstanding anything to the contrary in the Plan, the allowed amount of the secured claim of PNC Bank, N.A. shall be the amount required to fully satisfy the Debtor's outstanding obligations to PNC on the date of the closing of the sale of substantially all of the Debtor's assets (including reasonable estimates of all fees payable through the sale closing date). On the date of such sale closing, proceeds from such sale shall first be used to indefeasibly satisfy, in cash, the allowed amount of PNC's secured claim.

22. <u>Insurance</u>. Pursuant to section 14.10 of the Plan, notwithstanding anything to the contrary in the Plan, neither this Order, nor Confirmation and consummation of the Plan shall have

any effect on the insurance policies of any of the Debtors or their current or former directors, officers or managers (including, but not limited to, director and officer liability policies to the extent that the Debtors or their current or former directors, officers and managers have any rights under such policies) in which any of the Debtors or their current or former directors, officers or managers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering or delaying coverage of any Debtors (or their current or former directors, officers or managers) on any basis regarding or related to any of the Bankruptcy Case, this Plan or any provision within the Plan, including the treatment or means of liquidation set out in the Plan for insured claims.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

Gerrit M. Pronske
State Bar No. 16351640
Melanie P. Goolsby
State Bar No. 24059841
Jason P. Kathman
State Bar No. 24070036
PRONSKE GOOLSBY & KATHMAN, P.C.
2701 Dallas Parkway, Suite 590
Plano, Texas 75093
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pgkpc.com
Email: mgoolsby@pgkpc.com
Email: jkathman@pgkpc.com

**COUNSEL FOR DEBTOR**
**AND DEBTOR IN POSSESSION**